IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| GILBERT P. HYATT,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES PATENT and TRADEMARK OFFICE, and ANDREI IANCU, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, in his official capacity,<br><br>    Defendants. | Civil Action No. 1:18-cv-546 |

## MEMORANDUM REGARDING MOTION TO SEAL

Plaintiff Gilbert Hyatt is, today, filing a complaint against the U.S. Patent and Trademark Office and its Director in his official capacity (collectively, "PTO"). The PTO may take the position that the complaint should be filed under seal because certain allegations are predicated on documents that putatively are within the scope of a protective order issued in co-pending cases between the same parties, *Hyatt v. Iancu*, Nos. 09-1864, 09-1869, 09-1872, and 05-2310 (D.D.C. Lamberth, J.).

A "protective order, on its own, is an insufficient basis for granting a motion to seal." *See Chaplick for Canal Vista Tr. v. Jeng Fen Mao*, 215 F. Supp. 3d 470, 478 (D. Md. 2016); *accord Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 254 (4th Cir. 1988) ("The reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents."). But "[p]rinciples of comity, respect for preexisting judicial orders, and preservation of the reliability of protective orders" may support sealing documents that are subject to a protective order in another case. *Cf. Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 384 (D. Del. 2009); *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-MD-2325, 2012 WL 2601880, at *10 (S.D.W. Va. July 5, 2012); *Tucker v. Ohtsu Tire & Rubber*

*Co.*, 191 F.R.D. 495, 499 (D. Md. 2000); *Dushkin Pub. Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335–36 (D.D.C. 1991). Accordingly, Mr. Hyatt's publicly filed complaint in this case is redacted as to material that may arguably fall within the PTO's designations in the *Hyatt v. Iancu* cases.

As to the merits of the PTO's protective order designations, in the *Iancu* cases, the PTO blanket designated discovery materials as "Designated Material" under a stipulated protective order, included with this motion as Attachment 1. Mr. Hyatt disputes the PTO's designations and has moved the *Ianco* court to remove them in that litigation. That motion is outstanding as of this filing, and Mr. Hyatt's memorandum of law setting forth the basis for his position that the materials are not entitled to protection is included with this motion as Attachment 2.

In consideration of these circumstances, Mr. Hyatt files the instant motion so that the PTO has the opportunity to attempt to make a showing that sealing is "necessary" under "the governing case law." *See* Local Rule 5(C). Mr. Hyatt has presented a redacted complaint for public viewing in accord with local rules, and the redactions are narrowly tailored to conceal only information the PTO may arguably claim is covered by the *Hyatt v. Iancu* protective order. *See* Local Rule 5(C). An un-redacted complaint is being submitted under seal for the time being in compliance with local rules and procedure.

Date: May 8, 2018                                  Respectfully submitted,

                                                                 /s/ Mark W. DeLaquil
                                                                  MARK W. DELAQUIL
                                                                     V.A. Bar No. 68088
                                                                ANDREW GROSSMAN*
                                                                PAUL M. LEVINE*
                                                                *Attorneys for Plaintiff Gilbert P. Hyatt*
                                                                BAKER & HOSTETLER LLP
                                                                1050 Connecticut Ave., N.W.
                                                                Suite 1100
                                                                Washington, DC 20036
                                                                Phone: (202) 861-1527
                                                                Fax: (202) 861-1783
                                                                mdelaquil@bakerlaw.com

**Pro Hac Vice* motion forthcoming

## Certificate of Service

   I hereby certify that, on or about May 8, 2018, I will cause a copy of the foregoing and a copy of Plaintiff's Notice of Filing a Motion to Seal to be served by U.S. Mail on Defendants at the following address:

    Office of the General Counsel
    United States Patent and Trademark Office
    P.O. Box 1450 Alexandria, VA 22313-1450

Date: May 8, 2018                                    Respectfully submitted,

                                                        /s/ Mark W. DeLaquil
                                                        MARK W. DELAQUIL
                                                          V.A. Bar No. 68088
                                                       ANDREW GROSSMAN*
                                                       PAUL M. LEVINE*
                                                       *Attorneys for Plaintiff Gilbert P. Hyatt*
                                                       BAKER & HOSTETLER LLP
                                                       1050 Connecticut Ave., N.W.
                                                       Suite 1100
                                                       Washington, DC 20036
                                                       Phone: (202) 861-1527
                                                       Fax: (202) 861-1783
                                                       mdelaquil@bakerlaw.com

**Pro Hac Vice* motion forthcoming