United States District Court
Eastern District of Virginia
Alexandria Division

GILBERT P. HYATT,

Plaintiff

v.

UNITED STATES PATENT AND TRADEMARK
OFFICE and ANDREI IANCU, Under Secretary
of Commerce for Intellectual Property, and
Director of the United States Patent and
Trademark Office,

Defendants

Case No. 1:18cv546 (TSE/MSN)

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants Andrei Iancu and the United States Patent and Trademark Office (collectively "the USPTO"), through undersigned counsel, respectfully submit this answer to the Complaint in the above-captioned matter.

### FIRST DEFENSE

The agency decisions at issue in this case were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

### SECOND DEFENSE

This Court lacks subject-matter jurisdiction over Plaintiff's claims.

### THIRD DEFENSE

Plaintiff has failed to state a claim.

### FOURTH DEFENSE

Plaintiff cannot demonstrate any justification for the extraordinary remedy of mandamus.

### FIFTH DEFENSE

Plaintiff cannot demonstrate final agency action necessary to obtain judicial review.

## SIXTH DEFENSE

Plaintiff has other adequate alternative remedies.

## SEVENTH DEFENSE

Defendants deny each and every allegation in the Complaint except as may be expressly and specifically admitted.  Defendants respond to the separately numbered paragraphs and prayer for relief in the complaint as follows:

1.      Defendants deny the allegations in the first sentence of this paragraph.  Admitted that Plaintiff is a named inventor on over 70 U.S. Patents.  Defendants deny the remaining allegations of the second sentence.  Defendants are without information sufficient to admit or deny the allegations in the third, fourth, and fifth sentences, and thus deny them.  Defendants admit that Plaintiff built at least one experimental system.  The relationship of that system to Plaintiff's applications is a conclusion of law to which no response is required.  All other allegations of the sixth sentence are denied.

2.      Defendants deny the allegations in the first sentence of this paragraph.  The second sentence characterizes the administrative records for the referenced applications and a prior interrogatory response of the USPTO.  The administrative record for each application and the interrogatory response speak for themselves and are the best evidence of their contents.  To the extent the allegations in this sentence are inconsistent with the administrative records and the interrogatory response, Defendants deny the same.  All other allegations in the second sentence are denied.  The third and fourth sentences state conclusions of law to which no response is required.  To the extent that responses are required, denied.  The fifth and sixth sentences characterize the administrative records for the referenced applications. The administrative record

for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in these sentences are inconsistent with the administrative records, Defendants deny the same.  To the extent a response is required to the allegations of the sixth sentence beyond the prior statement, Defendants deny the remaining allegations.  Defendants deny the allegations in the eighth sentence.

3.      Defendants deny the allegation in the first sentence of this paragraph.  The second, third, fourth, and fifth sentences characterize the administrative records for the referenced applications. The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in these sentences are inconsistent with the administrative records, Defendants deny the same.   The third sentence also characterizes a document.  The document speaks for itself and is the best evidence of its contents.  To the extent the allegations in the third sentence are inconsistent with the referenced document, Defendants deny the same.  The fourth sentence also states conclusions of law to which no response is required. To the extent the fifth sentence makes allegations beyond the contents of the administrative record, denied.  Defendants deny the allegations of the sixth sentence.

4.      The first three sentences of this paragraph characterize the briefings, filings, and proceedings in four actions pursuant to 35 U.S.C. § 145 in the District for the District of Columbia. The official records of those proceedings are the best evidence of their contents.  To the extent the allegations of the first three sentences are inconsistent with the records from that court, Defendants deny the same.  As to the allegations of the fourth sentence, admitted that limited discovery was allowed in those actions, otherwise denied.   The fifth sentence constitutes a Plaintiff's characterization of this action to which no response is required.

5.     The first, second, and third sentences of this paragraph characterize the administrative record for the referenced application. The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in these sentences are inconsistent with the administrative record, Defendants deny the same.  The second sentence of this paragraph also characterizes the briefings, filings, and in a legal proceeding.  The official records of that proceeding are the best evidence of their contents.  To the extent the allegations of the second sentence are inconsistent with the records from that court, Defendants deny the same.  The third sentence also states a conclusion of law to which no response is required. The fourth sentence states a conclusion of law to which no response is required.  Otherwise, denied. Defendants deny the allegations of the fifth sentence.

6.     The first sentence states a conclusion of law to which no response is required.  The remaining allegations of the first sentence are denied.  The second and third sentences characterize the administrative records for the referenced applications. The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in these sentences are inconsistent with the administrative record, Defendants deny the same.  The second sentence additionally states conclusions of law to which no response is required.  Any additional allegations of the third sentence are denied.  The fourth sentence states conclusions of law to which no response is required.  To the extent a response is required, denied.

7.     The allegations contained within this paragraph constitute a characterization of the action, to which no response is required.

8.     The allegations contained within this paragraph constitute a characterization of the action, to which no response is required.

9.      Admitted that Plaintiff is a named inventor on more than 70 issued patents and that Plaintiff has numerous patent applications pending before the USPTO.  Admitted that Plaintiff filed the '263, '450, and '669 applications.  Denied that the USPTO has delayed reaching final agency action on Plaintiff's patent applications for years.  Defendants are without information sufficient to admit or deny the remaining allegations, and thus deny them.

10.      Admitted as to the second sentence.  The remaining allegations constitute conclusions of law, to which no response is required.

11.      Admitted as to the first sentence.  The remaining allegations constitute conclusions of law or a characterization of the action, to which no response is required.

12.      The allegations contained in this paragraph constitute Plaintiff's characterization of its suit, to which no response is required.

13.      The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

14.      Admitted that Plaintiff is a named inventor on nearly 75 patents issued by the USPTO.  The remaining allegations of the first sentence are denied.  The allegations in the second sentence constitute conclusions of law to which no response is required.

15.      Admitted that Plaintiff is the named inventor on approximately 236 patent applications currently pending before the USPTO, as well as on more than 90 applications that the USPTO has abandoned.  The remaining allegations of the first sentence are denied.  Admitted that most of Plaintiff's applications have been pending for over 20 years, with approximately 3 pending for over 35 years and 1 application pending for over 40 years.  The remaining allegations of the second sentence are denied.

16.     Admitted that in the mid-1990's, then USPTO Commissioner Bruce Lehman provided testimony to Congress on multiple occasions regarding proposed legislation with regard to U.S. patent law and that said testimony included statements about the deleterious effects of submarine patents.  Admitted that in congressional testimony, Commissioner Lehman stated that submarine patents amounted to "an extortion game.  It's nothing more than that, pure and simple, an extortion game."  Defendants are without information sufficient to admit or deny the remaining allegations in the final sentence, and thus deny them.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Admitted that the USPTO has established a specialized Art Unit for coordinating the examination of pre-GATT patent applications and that the vast majority of the work of that Art Unit consists of attempting to advance Plaintiff's pending applications to resolution.  Admitted that more than 90 of Plaintiff's patent applications have been abandoned.  Otherwise, denied.

22.     Denied.

23.     Admitted that Commissioner Lehman testified before Congress that future submarine applications would be prevented by proposed legislation to implement the Uruguay Round trade agreements related to intellectual property.  Otherwise, denied.

24.     The allegations in this paragraph allegedly characterize sworn testimony.   The sworn testimony, in context, is the best evidence of the statements made.  To the extent that the allegations in this paragraph are inconsistent with the sworn testimony, denied.

25.     Denied.

26.     Denied.

27.     Defendants deny that "submarine patent" is accurately defined.  Defendants are without information sufficient to admit or deny the remaining allegations in this paragraph, and thus deny them.

28.     Denied.

29.     Denied.

30.     Denied.

31.     This paragraph appears to reference the deposition testimony of Howard Goldberg. Howard Goldberg's actual deposition testimony is the best evidence of its own content.  To the extent that the allegations contained in this paragraph are inconsistent with Mr. Goldberg's actual deposition testimony, denied.

32.     This paragraph appears to reference the deposition testimony of Howard Goldberg. Howard Goldberg's actual deposition testimony is the best evidence of its own content.  To the extent that the allegations contained in this paragraph are inconsistent with Mr. Goldberg's actual deposition testimony, denied.

33.     This allegation appears to reference the deposition testimony of Howard Goldberg. Howard Goldberg's actual deposition testimony is the best evidence of its own content.  To the extent that the allegations contained in this paragraph are inconsistent with Mr. Goldberg's actual deposition testimony, denied.

34.     Admitted that Michael Thesz and Stephen Kunin were members of Commissioner Lehman's senior staff.  Defendants are without information sufficient to admit or deny the remaining allegations in this paragraph, and thus deny them.

35.     Defendants are without information sufficient to admit or deny the allegations in this paragraph, and thus deny them.

36.     Admitted that Joseph Rolla was Deputy Commissioner for Patent Examination Policy from 2005 until his retirement in 2006.  Defendants are without information sufficient to admit or deny the remaining allegations in this paragraph, and thus deny them.

37.     Denied.

38.     Defendants are without information sufficient to admit or deny the allegations in this paragraph, and thus deny them.

39.     Admitted that Plaintiff's applications are presently assigned to a particular Art Unit. Otherwise, denied.

40.     The referenced article is the best evidence of its own content.  Denied to the extent the characterization of the article conflicts with its actual contents, in context.  Denied that the referenced publication was a publication widely read by patent examiners.  Defendants are without information sufficient to admit or deny the remaining allegations, and thus deny them.

41.     This allegation appears to reference deposition testimony.  The actual deposition testimony is the best evidence of its own content.  To the extent that the allegations contained in this paragraph are inconsistent with the actual deposition testimony, denied.

42.     Admitted that Nicholas Godici was an acting Assistant Commissioner of Patents. Otherwise, denied.

43.     This allegation appears to reference the deposition testimony of Howard Goldberg. Howard Goldberg's actual deposition testimony is the best evidence of its own content.  To the extent that the allegations contained in this paragraph are inconsistent with Mr. Goldberg's actual deposition testimony, denied.

44.     Admitted that in the late 1990's and early 2000's, Richard Hjerpe was the SPE coordinating the examination of most of Mr. Hyatt's patent applications.  Otherwise, denied.

45.     Denied.

46.     Admitted that SPE Michael Razavi was Mr. Hjerpe's successor and was responsible for coordinating the processing of most of Mr. Hyatt's patent applications.  Otherwise, denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     This paragraph appears to characterize specific documents.  The documents speak for themselves and are the best evidence of their own contents.  To the extent that the allegations in this paragraph are inconsistent with the referenced documents, denied.

52.     Denied.

53.     This paragraph seeks to characterize a particular document.   The referenced document is the best evidence of its own contents.   To the extent that the allegations in this paragraph are inconsistent with the referenced document, denied.

54.     Admitted that in the late 1990's and early 2000's, Richard Hjerpe was the SPE coordinating the examination of most of Mr. Hyatt's patent applications.  Otherwise, denied.

55.     This paragraph seeks to characterize a particular document.   The referenced document is the best evidence of its own contents.   To the extent that the allegations in this paragraph are inconsistent with the referenced document, denied.

56.     Denied.

57.     This paragraph seeks to characterize a particular document.   The referenced document is the best evidence of its own contents.   To the extent that the allegations in this paragraph are inconsistent with the referenced document, denied.

58.     This paragraph seeks to characterize a particular document.   The referenced document is the best evidence of its own contents.   To the extent that the allegations in this paragraph are inconsistent with the referenced document, denied.

59.     This allegation characterizes deposition testimony.   The actual deposition testimony is the best evidence of its own content.   To the extent that the allegations contained in this paragraph are inconsistent with the deposition testimony, denied.

60.     Denied.

61.     Defendants deny the allegations of the first sentence.   The second sentence seeks to characterize a particular court document.   The referenced court document is the best evidence of its own contents.   To the extent that the allegations in this sentence are inconsistent with the referenced court document, denied.

62.     Denied.

63.     To the extent the allegations of this paragraph are meant to characterize testimony or documents, the testimony and documents are the best evidence of their contents.   To the extent that the allegations conflict with such testimony or documents, denied.   Otherwise, denied.

64.     Denied.

65.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

66.     The allegations in this paragraph constitute conclusions of law, to which no response is required.

67.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

68.     The allegations in this paragraph constitute conclusions of law, to which no response is required.

69.     The allegations in this paragraph constitute conclusions of law, to which no response is required.

70.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

71.     Admitted.

72.     The allegations in this paragraph are insufficiently specific for the Defendants to form an opinion, and are thus denied.

73.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

74.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Admitted that The Office of Patent Legal Administration (OPLA) is currently responsible for promulgating and implementing USPTO policies.    Otherwise denied.

79.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

80.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

81.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

82.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

83.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

84.     The document this allegation appears to reference and the administrative record for the referenced application are the best evidence of their own contents.   To the extent the allegations of this paragraph are inconsistent with those documents, Defendants deny the same.

85.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

86.     Admitted that the USPTO may withdraw an application from issuance on its own initiative.   Defendants are without information sufficient to admit or deny the remaining allegations, and thus deny them.

87.     Denied.

88.     Denied

89.     Denied.

90.     The allegation characterizes a particular document.   The referenced document is the best evidence of its own contents.   To the extent the allegations mischaracterize the contents of the referenced document, denied.

91.     The allegation characterizes a particular document.   The referenced document is the best evidence of its own contents.   To the extent the allegations mischaracterize the contents of the referenced document, denied.

92.     The allegation characterizes a particular document.  The referenced document is the best evidence of its own contents.  To the extent the allegations mischaracterize the contents of the referenced document, denied.

93.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

94.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

95.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Admitted that under Commissioner Lehman, the USPTO established a program called the "Sensitive Application Warning System," or "SAWS" to allow patent examiners to alert leadership when a patent application claiming sensitive matter was being examined.  Otherwise, denied.

100.    Admitted that an application that was identified for a SAWS quality assurance check was held to the same substantive patentability standards.   Otherwise, denied.

101.    The allegations of the first sentence of this paragraph are denied. The second sentence of this paragraph seeks to characterize a particular document.  The particular document is the best evidence of its own contents.  Denied to the extent the allegations mischaracterize the contents of the particular document, in context.

102.    The allegations of this paragraph characterize particular documents.  The particular documents are the best evidence of their own contents.  Denied to the extent the allegations mischaracterize the contents of the referenced documents, in context.

103.    The allegations constitute conclusions of law, to which no response is required.

104.    The allegations constitute conclusions of law, to which no response is required.

105.    The allegations constitute conclusions of law, to which no response is required.

106.    The allegations constitute conclusions of law, to which no response is required.

107.    The allegations of this paragraph appear to characterize particular documents.  The particular documents are the best evidence of their own contents.  Denied to the extent the allegations mischaracterize the contents of the referenced documents, in context.

108.    The allegations constitute conclusions of law, to which no response is required.

109.    Denied.

110.    Admitted that 5 of Plaintiff's patent applications were likely in the SAWS program from 2000-2010.  Admitted that 1 additional application was in the SAWS program in 2014. Admitted that nearly all of Plaintiff's pending applications would have been subject to general guidance around August of 2013 that any pre-GATT applications should be flagged.  Otherwise, denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Admitted that patent applicants generally are not notified when a quality assurance check has been used in any particular review.  The remaining allegations constitute conclusions of law, to which no response is required.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Defendants lack sufficient information to form an opinion as to the truth of the matter, and thus deny the allegations.

119.    Defendants lack sufficient information to form an opinion as to the truth of the matter, and thus deny the allegations.

120.    The allegations of this paragraph appear to characterize particular documents.  The particular documents are the best evidence of their own contents.  Denied to the extent the allegations mischaracterize the contents of the referenced documents, in context.

121.    Defendants are without information sufficient to admit or deny the allegations of this paragraph concerning whether Plaintiff was ever made aware of alleged *ex parte* communications.  The remaining allegations in this paragraph constitute conclusions of law to which no response is required.

122.    Admitted that the USPTO announced that the SAWS program was terminated in March 2015 and that in the preceding year the program had been subject to public inquiry via, for

example, FOIA requests.  Defendants lack sufficient information to form an opinion as to the truth of any "pending Senate inquiry," and thus deny the same.  Otherwise, denied.

123.    Denied.

124.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

125.    The allegations of this paragraph appear to characterize two sets of documents.  The referenced documents are the best evidence of their contents and speak for themselves.  To the extent the allegations in this paragraph are inconsistent with the referenced documents, Defendants deny the same.

126.    Admitted that John Leguyader is now Director of the Technology Center that contains Art Unit 2615.  Defendants lack sufficient information to form an opinion as to the truth of the remaining allegations, and thus deny said allegations.

127.    Denied.

128.    The allegations in this paragraph concern a particular judicial opinion.  The written judicial opinion cited in this paragraph is the best evidence of its own content.  Denied to the extent the allegations conflict with that written opinion.

129.    The allegations in this paragraph concern a particular judicial opinion.  The written judicial opinion cited in this paragraph is the best evidence of its own content.  Denied to the extent the allegations conflict with that written opinion.

130.    Denied.

131.    Denied.

132.    The allegations in this paragraph constitute conclusions of law to which no response is required.

133.    The allegations in this paragraph constitute conclusions of law to which no response is required.

134.    The allegations in this paragraph constitute conclusions of law to which no response is required.

135.    The allegations in this paragraph constitute conclusions of law to which no response is required.

136.    Denied.

137.    The judges' written opinions are the best evidence of their own content.  Denied to the extent the characterizations conflict with said written opinions.

138.    Denied.

139.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

140.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

141.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

142.    The allegations in this paragraph constitute conclusions of law to which no response is required.

143.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

144.    The allegations in this paragraph constitute conclusions of law to which no response is required.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    The allegations in this paragraph constitute conclusions of law to which no response is required.

150.    Denied.

151.    Denied.

152.    Admitted.

153.    The allegations in this paragraph regarding assignment of Plaintiff's applications constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its

contents.  To the extent those allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.  Otherwise, denied.

154.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

155.    Denied that supervisors have no involvement in patent examination.  Admitted that group directors are not typically involved in patent examination.

156.    Denied.

157.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

158.    Denied.

159.    Denied.

160.    Admitted that assignment of Plaintiff's applications to special art units affected which reports and tracking mechanisms applied to them.  Otherwise, denied.

161.    Denied.

162.    Denied.

163.    Defendants lack sufficient information to form an opinion as to the truth of the allegations, and thus deny said allegations.

164.    The referenced publication is the best evidence of its own contents.  Denied to the extent the allegations conflict with the referenced publication.  Defendants deny all other allegations.

165.    The referenced information provided to Congress is the best evidence of its own contents.  Denied to the extent the allegations conflict with the referenced information.  Defendants deny all other allegations.

166.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

167.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

168.    Denied.

169.    The allegations in this paragraph constitute a characterization of the referenced correspondence.  The correspondence speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the correspondence, Defendants deny the same.

170.    The allegations in this paragraph constitute a characterization of the referenced testimony.  The testimony speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the testimony, Defendants deny the same.

171.    The allegations in this paragraph constitute a characterization of the referenced correspondence.  The correspondence speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the correspondence, Defendants deny the same.

172.    Denied.

173.    The allegations in this paragraph constitute conclusions of law to which no response is required.

174.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

175.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

176.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

177.    Admitted that the issuance of a suspension affects the reports on which an application is included.  Otherwise, denied.

178.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

179. The allegations in this paragraph constitute a characterization of the referenced documents. The documents speak for themselves and are the best evidence of their contents. To the extent the allegations in this paragraph are inconsistent with the documents, Defendants deny the same.

180. Denied.

181. Denied.

182. Denied.

183. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

184. Denied to the extent that the allegation's use of "circumvent" is intended to allege an improper purpose. Otherwise, admitted.

185. Denied.

186. Denied.

187. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

188. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

189.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

190.    Defendants lack sufficient information to form an opinion as to the truth of the matter, and thus deny the allegations.

191.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

192.    The allegations in this paragraph constitute a characterization of the referenced testimony.  The testimony speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the testimony, Defendants deny the same.

193.    The allegations in this paragraph constitute a characterization of the referenced testimony.  The testimony speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the testimony, Defendants deny the same.

194.    The allegations in this paragraph constitute a characterization of the referenced testimony.  The testimony speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the testimony, Defendants deny the same.

195.    The allegations in this paragraph constitute a characterization of the referenced testimony.  The testimony speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the testimony, Defendants deny the same.

196.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

197.    Denied.

198.    Denied.

199.    The allegations in this paragraph constitute conclusions of law to which no response is required.

200.    The allegations in this paragraph constitute conclusions of law to which no response is required.

201.    The allegations in the first sentence constitute conclusions of law to which no response is required.  The remaining allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent those allegations are inconsistent with the administrative record, Defendants deny the same.

202.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

203.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.  Defendants expressly deny the allegations that the noted examination actions were "an attempt to preclude Mr. Hyatt from obtaining final agency action subject to judicial review."

204.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

205.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.  Defendants expressly deny as to "willful misrepresentation."

206.    Denied.

207.    Admitted that in 2011, the USPTO established and initiative called "Clearing the Oldest Applications" or COPA to prioritize examination of older applications.  Otherwise, denied.

208.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

209.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

210.    Denied.

211.    As to the issuance of requirements in 2006, the allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.  Otherwise, denied.

212.    Denied.

213.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

214.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

215.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

216.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

217.    The allegations in this paragraph appear to constitute a characterization of a document.  The document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the document, Defendants deny the same.

218.    The allegations in this paragraph appear to constitute a characterization of a document.  The document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the document, Defendants deny the same.

219.    Denied.

220.    Denied.

221.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

222.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

223.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

224. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

225. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

226. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

227. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

228. Admitted that since October 2012, Plaintiff's patent applications have been assigned to Art Unit 2615. Admitted that Art Unit 2615 has sometimes been colloquially referred to as the bulk filers unit or Hyatt unit. Otherwise, denied.

229. The portion of the first sentence following "the PTO" appears to characterize documents. Those documents speak for themselves and are the best evidence of their own

contents.  To the extent the allegations conflict with the documents denied.  The first sentence is otherwise, denied.  Defendants deny the allegations of the second sentence.

230.    Defendants admit the allegations of the first sentence only to the extent that Art Unit 2615 was organized, in part, to coordinate resolution of certain of Plaintiff's applications. Otherwise, denied.  With respect to the second sentence of this paragraph, the document speaks for itself and is the best evidence of its contents.  To the extent that the allegations of the second sentence of this paragraph are inconsistent with the referenced document, denied.  Defendants deny the allegations of the third sentence.

231.    Admitted that Plaintiff contacted Gregory Morse, the SPE for Art Unit 2615, and that Morse stated he was familiar with Plaintiff's prior litigations against the USPTO.  Defendants are without information sufficient to admit or deny the allegations about Plaintiff's state of mind. Otherwise, denied.

232.    Denied to the extent that this paragraph alleges that Plaintiff has "roughly 400 pending applications."  Otherwise, admitted.

233.    Denied.

234.    The allegations in the first sentence constitute a characterization of a document. The document speaks for itself and is the best evidence of its contents.  To the extent the allegations in the first sentence of this paragraph are inconsistent with the document, Defendants deny the same.  The second sentence is denied.

235.    Some of the allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

Denied that "the PTO has adopted Hyatt-specific policies for forcing his applications into abandonement."

236.   The allegations in this paragraph constitute conclusions of law to which no response is required.

237.   Denied.

238.   Admitted that senior USPTO officials are aware of Art Unit 2615 and periodically monitor its progress toward resolution of all remaining pre-GATT applications.  The allegations of the first sentence are otherwise denied.  The allegations of the second sentence appear to characterize documents or testimony.  The referenced documents or testimony speak for themselves and are the best evidence of their contents.  To the extent the allegations of the second sentence conflict with the referenced documents or testimony, denied.

239.   Admitted to the extent that matching the subject matter of an patent application to an examiner in an appropriate Technology Center and Art Unit is a significant factor—but not the only factor—in determining how to assign responsibility for examination of an application.  Otherwise, denied.

240.   Admitted that a hypothetical set applications with multiple separate named inventors and claiming different technologies might not be consolidated for examination in a single art unit due to the differing circumstances.  Otherwise, denied.

241.   The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application paragraph are inconsistent with the administrative record, Defendants deny the same.

242.   Admitted.

243.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

244.     Defendants are without information sufficient to admit or deny the first sentence to the extent that it uses the phrase "900 Series applications" because that phrase is not sufficiently well understood to form a belief as to the truth of the matter asserted.  Otherwise, admitted.  Defendants admit the allegations of the second sentence to the extent that the vast majority of work performed by Art Unit 2615 is the examination of Plaintiff's pending applications.  Otherwise, denied.

245.     The allegations in the first and second sentences constitute characterizations of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in these sentences are inconsistent with the administrative record, Defendants deny the same.  Defendants admit the allegations of the third sentence to the extent that in 2012 the USPTO began an intensive new effort to coordinate the examination of Plaintiff's pending applications and to bring them to resolution as consistently and efficiently as possible, and took that action approximately 17 years after the vast majority of Plaintiff's remaining pending applications had been filed.  Otherwise, denied.  Defendants deny the allegations of the fourth sentence.

246.     Denied.

247.     The allegations in this paragraph characterize the referenced testimony and/or documents.  Said testimony and documents speak for themselves and are the best evidence of their

contents.  To the extent the allegations in this paragraph are inconsistent with the testimony and/or documents, Defendants deny the same.

248.     Denied.

249.     Denied.

250.     The first sentence constitutes conclusions of law, to which no response is required. Defendants deny the second sentence.

251.     Defendants lack sufficient information to form an opinion as to the truth of the matter, and thus deny the allegations.

252.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

253.     The allegations in this paragraph characterize the referenced document.  Said document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the document, Defendants deny the same.

254.     Denied.

255.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

256.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

257. The allegations in this paragraph constitute conclusions of law to which no response is required.

258. The allegations in this paragraph constitute conclusions of law to which no response is required.

259. The allegations in this paragraph constitute conclusions of law to which no response is required.

260. The allegations in the first sentence constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this sentence are inconsistent with the administrative record, Defendants deny the same. As to the second sentence, Defendants lack sufficient information to form an opinion as to the truth of the matter, and thus deny the allegations.

261. Denied.

262. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

263. The allegations in this paragraph constitute conclusions of law to which no response is required.

264. The allegations in this paragraph constitute conclusions of law to which no response is required.

265.    The allegations in this paragraph constitute conclusions of law to which no response is required.

266.    The allegations in this paragraph constitute conclusions of law to which no response is required.

267.    Denied.

268.    The allegations in the first sentence of this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this sentence are inconsistent with the administrative record, Defendants deny the same.  As to the final sentence, Defendants lack sufficient information to form an opinion as to the truth of the matter, and thus deny the allegations.

269.    The allegations in the first sentence of this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this sentence are inconsistent with the administrative record, Defendants deny the same.  The allegations in the second sentence constitute conclusions of law to which no response is required.

270.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

271.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

272.    Denied.

273.    Denied.

274.    Admitted.

275.    The allegations in this paragraph appear to characterize the referenced document. Said document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the document, Defendants deny the same. Defendants deny that the document Plaintiff appears to reference constitutes USPTO policies.

276.    The allegations in this paragraph constitute conclusions of law to which no response is required..

277.    The allegations in this paragraph constitute a characterization of the referenced testimony.  Said testimony speaks for itself and is the best evidence of its own contents.  To the extent the allegations in this paragraph are inconsistent with the testimony, Defendants deny the same.

278.    Admitted that Mr. Morse has provided input to Art Unit 2615 examiners regarding the examination of Plaintiff's applications.  Otherwise, denied.

279.    The allegations in this paragraph characterize the referenced document.  Said document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the document, Defendants deny the same.

280.    The allegations in this paragraph mischaracterize the referenced document.  Said document speaks for itself and is the best evidence of its own contents.  To the extent the

allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.  Defendants specifically deny the allegations of the final sentence.

281.    The allegations in this paragraph mischaracterize the referenced document.  Said document speaks for itself and is the best evidence of its own contents.   To the extent the allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.  Defendants specifically deny the allegations of the final sentence.

282.    The allegations in this paragraph constitute a characterization of the referenced document.  The referenced document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.

283.    The allegations in this paragraph constitute a characterization of the referenced document.  The referenced document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.

284.    The allegations in this paragraph constitute a characterization of the referenced document.  The referenced document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.  Defendants specifically deny the portion following "—in other words."

285.    The allegations in this paragraph constitute a characterization of the referenced document.  The referenced document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.

286.    The allegations in this paragraph constitute a characterization of the referenced document.  The referenced document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.

287.    The allegations in this paragraph constitute a characterization of the referenced document.  The referenced document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.

288.    The allegations in this paragraph constitute conclusions of law to which no response is required.

289.    Denied.

290.    Denied.

291.    Admitted that Art Unit 2615 informed Plaintiff that he needed to reduce overlap and improve demarcation between claims in different applications.  Otherwise, denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Admitted.

297.    The allegations in this paragraph constitute a characterization of the referenced testimony.  The referenced testimony speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the referenced testimony,

Defendants deny the same.  Denied that examiners in Art Unit 2615 are not evaluated on timeliness of their work product.

298.    Denied.

299.    Admitted.

300.    Defendants admit the allegations of the first sentence.  Defendants deny the allegations of the second sentence.  As to the final sentence, Defendants deny that Art Unit 2615 examiners do not have dockets.  Otherwise, Defendants lack sufficient information to form an opinion as to the truth of the matter, and thus deny the allegations of the final sentence.

301.    Denied.

302.    Denied.

303.    Defendant admit the allegations of the first sentence.  Defendants deny the allegations of the second sentence.

304.    Admitted.

305.    Denied.

306.    Denied.

307.    Admitted.

308.    The allegations in this paragraph appear to constitute a characterization of a specific document.  The document relied upon speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the document, Defendants deny the same.

309.    Denied.

310.    Defendants admit the allegations of this paragraph only to the extent the PTO decided to waive some performance requirements.  The remaining allegations in this paragraph

constitute a characterization of the referenced document.  The referenced document speaks for itself and is the best evidence of its contents.  To the extent the remaining allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.

311. Denied.

312. Admitted that the selection of performance criteria applied to applications will affect which USPTO reports will include affected applications.  Otherwise, denied.

313. The referenced document speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.

314. The allegations in this paragraph constitute a characterization of the referenced document.  The referenced document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.

315. Defendants admit the allegations in the first sentence of this paragraph only to the the extent that the PTO has, at various times, adopted specialized practices for the handling of Plaintiff's applications.  Otherwise, denied.  The second sentence of this paragraph appears to reference the deposition testimony of Howard Goldberg.  Howard Goldberg's actual deposition testimony is the best evidence of its own content.  To the extent that these allegations are inconsistent with the deposition testimony, Defendants deny the same.

316. Denied.

317. The allegations in this paragraph constitute a characterization of the referenced document.  The referenced document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the referenced document,

Defendants deny the same.  Defendants specifically deny that legitimate office action content is "minutiae."

318.    The allegations in this paragraph constitute a characterization of the referenced document.  The referenced document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the referenced document, Defendants deny the same.

319.    The allegations in this paragraph constitute conclusions of law to which no response is required.

320.    Denied.

321.    Admitted that Art Unit 2615 examiners generally refuse entry of Plaintiff's amendments cancelling claims at the time an appeal brief is filed or thereafter.  Otherwise, denied.

322.    Admitted that the USPTO has not rendered decisions on Plaintiff's petitions to cancel claims on or after the date of the appeal brief.  Otherwise, denied.

323.    Denied.

324.    Admitted to the extent that examiners permit applicants to cancel claims prior to the filing of an appeal brief under appropriate circumstances.  Otherwise, denied.

325.    Denied.

326.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

327.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

328.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

329.     Defendants deny the allegations of the first sentence.  The allegations of the second sentence constitute conclusions of law, to which no response is required.  The allegations in the third sentence constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in the third sentence are inconsistent with the administrative record, Defendants deny the same.

330.     Denied.

331.     Denied.

332.     Admitted except as to "only after one of Mr. Hyatt's attorneys threatened to raise the issue in his litigation with the agency."

333.     The allegations in this paragraph constitute a characterization of the referenced document.  The document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the document, Defendants deny the same.

334.     Denied.

335.     Denied.

336.    The allegations in this paragraph constitute a characterization of the referenced document.  The document speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the document, Defendants deny the same.

337.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

338.    Admitted to the extant that since Art Unit 2615 starting examining Plaintiff's applications, no notices of allowance have issued in Plaintiff's applications.  Otherwise, denied.

339.    Defendants admit the allegations of the first sentence except as to "at rates that far exceed those for other applicants."  The remaining allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

340.    Denied.

341.    Denied.

342.    Denied.

343.    The allegations in the first sentence constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in the first sentence are inconsistent with the administrative record, Defendants deny the same.

The remaining allegations in this paragraph constitute conclusions of law to which no response is required.

344.    The allegations in this paragraph constitute conclusions of law to which no response is required.

345.    Denied.

346.    Denied.

347.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

348.    Denied.

349.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

350.    Denied.

351.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

352.    The allegations in this paragraph constitute conclusions of law to which no response is required.   To the extent a response is required, denied.

353.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, denied.

354.    Denied.

355.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.  Defendants further specifically deny the allegation as to characterization of the objections as a "sham."

356.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

357.    The allegations in this paragraph constitute conclusions of law to which no response is required.

358.    The allegations in this paragraph constitute conclusions of law to which no response is required.

359.    The allegations in this paragraph constitute conclusions of law, to which no response is required.  Otherwise, denied.

360.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

361. The allegations in this paragraph constitute a characterization of the administrative record for the patent applications in which the referenced objections are entered. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same. Defendants specifically deny that Plaintiff is forced to request reconsideration.

362. Denied.

363. Denied.

364. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

365. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

366. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

367. Denied.

368.    The allegations in this paragraph constitute a characterization of the referenced testimony.  The testimony speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the testimony, Defendants deny the same.

369.    Denied.

370.    The allegations in first sentence appear to constitute a characterization of documents.  The referenced documents speaks for themselves and are the best evidence of their contents.  To the extent the allegations in first sentence are inconsistent with the referenced documents, Defendants deny the same.  Otherwise, denied.  Defendants deny the allegations of the final sentence.

371.    The allegations in this paragraph mischaracterize the USPTO's briefs and other filings on prosecution laches in four Section 145 appeals heard in the District for the District of Columbia, and are thus denied.  The actual briefs filed in the Section 145 actions speak for themselves and provide fulsome explanation of the USPTO's legal arguments.  Further, it is specifically denied that the USPTO attempted "to blame Mr. Hyatt for its own inaction."

372.    The allegations in this paragraph mischaracterize the USPTO's briefs and other filings on prosecution laches in four Section 145 appeals heard in the District for the District of Columbia, and are thus denied.  The actual briefs filed in the Section 145 actions speak for themselves and provide fulsome explanation of the USPTO's legal arguments.

373.    Denied.

374.    Denied.

375.    Some of the allegations in this paragraph characterize the briefs and other filings in four Section 145 appeals heard in the District for the District of Columbia.  The actual briefs filed in the Section 145 actions speak for themselves and provide fulsome explanation of the legal

arguments. The remaining allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

376. The allegations in this paragraph mischaracterize the USPTO's briefs and other filings on prosecution laches in four Section 145 appeals heard in the District for the District of Columbia, and are thus denied. The actual briefs filed in the Section 145 actions speak for themselves and provide fulsome explanation of the USPTO's legal arguments.

377. The transcript of the referenced court proceeding speaks for itself and is the best evidence of its own content, in the context of the full argument. To the extent the allegations in this paragraph are inconsistent with the transcript, Defendants deny the same.

378. The transcript of the referenced court proceeding speaks for itself and is the best evidence of its own content, in the context of the full argument. To the extent the allegations in this paragraph are inconsistent with the transcript, Defendants deny the same.

379. The transcript of the referenced court proceeding speaks for itself and is the best evidence of its own content, in the context of the full argument. To the extent the allegations in this paragraph are inconsistent with the transcript, Defendants deny the same.

380. The referenced court filing speaks for itself and is the best evidence of its own content, in the context of the full argument. To the extent the allegations in this paragraph are inconsistent with the filing, Defendants deny the same.

381. The referenced court filing speaks for itself and is the best evidence of its own content, in the context of the full argument. To the extent the allegations in this paragraph are inconsistent with the filing, Defendants deny the same.

382.    The referenced court filing speaks for itself and is the best evidence of its own content, in the context of the full argument.  To the extent the allegations in this paragraph are inconsistent with the filing, Defendants deny the same.

383.    The referenced court filing speaks for itself and is the best evidence of its own content, in the context of the full argument.  To the extent the allegations in this paragraph are inconsistent with the filing, Defendants deny the same.

384.    The allegations in this paragraph characterize the briefs and other filings in four Section 145 appeals heard in the District for the District of Columbia.  The actual briefs filed in the Section 145 actions speak for themselves and provide fulsome explanation of the legal arguments.

385.    The allegations in this paragraph characterize the court's orders in four Section 145 appeals heard in the District for the District of Columbia.  The orders in the Section 145 actions speak for themselves and are the best evidence of their contents.

386.    The referenced court filing speaks for itself and is the best evidence of its own content, in the context of the full argument.  To the extent the allegations in this paragraph are inconsistent with the filing, Defendants deny the same.

387.    The allegations in this paragraph mischaracterize the USPTO's briefs and argument on prosecution laches in four Section 145 appeals heard in the District for the District of Columbia, and are thus denied.  The actual briefs filed and transcripts recorded in the Section 145 actions speak for themselves and provide fulsome explanation of the USPTO's legal arguments.

388.    The allegations in this paragraph characterize the court's orders in four Section 145 appeals heard in the District for the District of Columbia.  The orders in the Section 145 actions speak for themselves and are the best evidence of their contents.

389.    Denied.

390.    Denied.

391.    Some of the allegations in this paragraph characterize the filings and court's orders in four Section 145 appeals heard in the District for the District of Columbia.  The filings and orders in the Section 145 actions speak for themselves and are the best evidence of their contents.  The remaining allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

392.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

393.    Denied.

394.    The allegations in this paragraph constitute conclusions of law to which no response is required.

395.    The allegations in this paragraph constitute conclusions of law to which no response is required.

396.    The allegations in this paragraph constitute conclusions of law to which no response is required.

397.    The allegations in this paragraph constitute conclusions of law to which no response is required.

398.    The allegations in this paragraph constitute conclusions of law to which no response is required.

399.    The allegations in this paragraph constitute conclusions of law to which no response is required.

400.    The allegations in this paragraph constitute conclusions of law to which no response is required.

401.    The allegations in this paragraph constitute conclusions of law to which no response is required.

402.    The allegations in this paragraph constitute conclusions of law to which no response is required.

403.    The allegations in this paragraph constitute conclusions of law to which no response is required.

404.    The allegations in this paragraph constitute conclusions of law to which no response is required.

405.    The allegations in this paragraph constitute conclusions of law to which no response is required.

406.    The allegations in this paragraph constitute conclusions of law to which no response is required.

407.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

408.     The allegations in this paragraph constitute conclusions of law to which no response is required.

409.     The allegations in this paragraph constitute conclusions of law to which no response is required.

410.     The allegations in this paragraph constitute conclusions of law to which no response is required.

411.     The allegations in this paragraph constitute conclusions of law to which no response is required.

412.     The allegations in this paragraph constitute conclusions of law to which no response is required.

413.     The allegations in this paragraph constitute conclusions of law to which no response is required.

414.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

415.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

416.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

417.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

418.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

419.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

420.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

421.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

422.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

423.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

424.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

425.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

426.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

427.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

428.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

429.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

430.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

431.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

432.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

433.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

434.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

435.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

436.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

437.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

438.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

439.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

440.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

441.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

442.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

443.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

444. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

445. The referenced court filing speaks for itself and is the best evidence of its own content. To the extent the allegations in this paragraph are inconsistent with the filing, Defendants deny the same.

446. The referenced court filing speaks for itself and is the best evidence of its own content, in the context of the full argument. To the extent the allegations in this paragraph are inconsistent with the filing, Defendants deny the same.

447. The referenced court filing speaks for itself and is the best evidence of its own content, in the context of the full argument. To the extent the allegations in this paragraph are inconsistent with the filing, Defendants deny the same.

448. The referenced court order speaks for itself and is the best evidence of its own content. To the extent the allegations in this paragraph are inconsistent with the order, Defendants deny the same.

449. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

450. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

451.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

452.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

453.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

454.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

455.     The allegations in this paragraph constitute conclusions of law to which no response is required.

456.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

457.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

458.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

459.    The allegations in this paragraph constitute conclusions of law to which no response is required.

460.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

461.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

462.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

463.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

464.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

465.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

466.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

467.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

468.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

469.    Admitted that the USPTO stated in an interrogatory response that the '263 application "was in the SAWS program in 2014."

470.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

471.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

472.    The allegations in this paragraph constitute conclusions of law to which no response is required.

473.    The allegations in this paragraph constitute conclusions of law to which no response is required.

474.    The allegations in this paragraph constitute conclusions of law to which no response is required.

475.    The allegations in this paragraph constitute conclusions of law to which no response is required.

476.    The allegations in this paragraph constitute conclusions of law to which no response is required.

477.    The allegations in this paragraph constitute conclusions of law to which no response is required.

478.    The allegations in this paragraph constitute conclusions of law to which no response is required.

479.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

480.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

481.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

482.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

483.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

484.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

485.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

486.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

487.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

488.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

489.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

490.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

491.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

492.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

493.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

494.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

495.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

496.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

497.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

498.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

499.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

500.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

501.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

502.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

503.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

504.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

505.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

506.     Denied.

507.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

508.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

509.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

510.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

511.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application

speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

512. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

513. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

514. The allegations in this paragraph constitute conclusions of law, to which no response is required.

515. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

516. The allegations in this paragraph constitute conclusions of law to which no response is required.

517. The allegations in this paragraph constitute conclusions of law to which no response is required.

518. The allegations in this paragraph constitute conclusions of law to which no response is required.

519.    The allegations in this paragraph constitute conclusions of law to which no response is required.

520.    The allegations in this paragraph constitute conclusions of law to which no response is required.

521.    The allegations in this paragraph constitute conclusions of law to which no response is required.

522.    The allegations in this paragraph constitute conclusions of law to which no response is required.

523.    The allegations in this paragraph constitute conclusions of law to which no response is required.

524.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

525.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

526.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

527.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

528.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

529.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

530.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

531.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

532.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

533.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

534.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

535.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

536.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

537.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

538.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

539.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

540.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

541.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

542.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

543.     The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

544. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

545. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

546. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

547. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

548. The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications. The administrative record for each application speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

549.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

550.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

551.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

552.    Denied.

553.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

554.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

555.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application

speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

556.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

557.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

558.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

559.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

560.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

561.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

562.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

563.    The allegations in this paragraph constitute a characterization of Plaintiff's prayer for relief, to which no response is required.

564.    Denied.

565.    Denied.

566.    Denied.

567.    The allegations in this paragraph constitute conclusions of law to which no response is required.

568.    The allegations in this paragraph constitute conclusions of law to which no response is required.

569.    The allegations in this paragraph constitute conclusions of law to which no response is required.

570.    The allegations in this paragraph constitute conclusions of law to which no response is required.

571.    The allegations in this paragraph constitute conclusions of law to which no response is required.

572.    The allegations in this paragraph constitute conclusions of law to which no response is required.

573.    The allegations in this paragraph constitute conclusions of law to which no response is required.

574.    Defendants deny the allegations in this paragraph with respect to "PTO delay."  The remaining allegations constitute conclusions of law to which no response is required.

575.    Denied.

576.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

577.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

578.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

579.    The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.  The administrative record for each application speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

580.   Denied.

581.   The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

582.   The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

583.   The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

584.   The allegations in this paragraph constitute a characterization of the administrative record for the referenced patent applications.   The administrative record for each application speaks for itself and is the best evidence of its contents.   To the extent the allegations in this paragraph are inconsistent with the administrative record, Defendants deny the same.

585.   The allegations in this paragraph constitute conclusions of law to which no response is required.

586.   Denied.

587.   Denied.

588.   Denied.

589.    Defendants lack sufficient information to form an opinion as to the truth of the matter, and thus deny the allegations.

590.    Defendants lack sufficient information to form an opinion as to the truth of the matter, and thus deny the allegations.

591.    The allegations in this paragraph constitute conclusions of law to which no response is required.

592.    The allegations in this paragraph constitute conclusions of law to which no response is required.

593.    The allegations in this paragraph constitute conclusions of law to which no response is required.

594.    The allegations in this paragraph constitute conclusions of law to which no response is required.

595.    The allegations in this paragraph constitute conclusions of law to which no response is required.

596.    The allegations in this paragraph constitute conclusions of law to which no response is required.

597.    As Count I has been dismissed by the Court's order of March 26, 2019, no response is required.

598.    As Count I has been dismissed by the Court's order of March 26, 2019, no response is required.

599.    As Count I has been dismissed by the Court's order of March 26, 2019, no response is required.

600.     As Count I has been dismissed by the Court's order of March 26, 2019, no response is required.

601.     As Count I has been dismissed by the Court's order of March 26, 2019, no response is required.

602.     As Count I has been dismissed by the Court's order of March 26, 2019, no response is required.

603.     As Count I has been dismissed by the Court's order of March 26, 2019, no response is required.

604.     As Count I has been dismissed by the Court's order of March 26, 2019, no response is required.

605.     As Count II has been dismissed by the Court's order of March 26, 2019, no response is required.

606.     As Count II has been dismissed by the Court's order of March 26, 2019, no response is required.

607.     As Count II has been dismissed by the Court's order of March 26, 2019, no response is required.

608.     As Count II has been dismissed by the Court's order of March 26, 2019, no response is required.

609.     As Count II has been dismissed by the Court's order of March 26, 2019, no response is required.

610.     As Count II has been dismissed by the Court's order of March 26, 2019, no response is required.

611.    As Count II has been dismissed by the Court's order of March 26, 2019, no response is required.

612.    As Count III has been dismissed by the Court's order of March 26, 2019, no response is required.

613.    As Count III has been dismissed by the Court's order of March 26, 2019, no response is required.

614.    As Count III has been dismissed by the Court's order of March 26, 2019, no response is required.

615.    As Count III has been dismissed by the Court's order of March 26, 2019, no response is required.

616.    As Count III has been dismissed by the Court's order of March 26, 2019, no response is required.

617.    As Count III has been dismissed by the Court's order of March 26, 2019, no response is required.

618.    As Count III has been dismissed by the Court's order of March 26, 2019, no response is required.

619.    As Count III has been dismissed by the Court's order of March 26, 2019, no response is required.

620.    Defendants incorporate their answers to the referenced paragraphs herein.

621.    The allegations in this paragraph constitute conclusions of law to which no response is required.

622.     The allegations of this paragraph constitute conclusion of law, to which no response is required.  To the extent that the allegations of this paragraph are deemed factual in nature, denied.

623.     The allegations of this paragraph constitute conclusion of law, to which no response is required.  To the extent that the allegations of this paragraph are deemed factual in nature, denied.

624.     The allegations of this paragraph constitute conclusion of law, to which no response is required.  To the extent that the allegations of this paragraph are deemed factual in nature, denied.

625.     The allegations in this paragraph constitute conclusions of law to which no response is required.

626.     The allegations in this paragraph constitute conclusions of law to which no response is required.

627.     The allegations of this paragraph constitute conclusion of law, to which no response is required.  To the extent that the allegations of this paragraph are deemed factual in nature, denied.

628.     Defendants incorporate their answers to the referenced paragraphs herein.

629.     The allegations in this paragraph constitute conclusions of law to which no response is required.

630.     The allegations in this paragraph constitute conclusions of law to which no response is required.

631.     The allegations of this paragraph constitute conclusion of law, to which no response is required.  To the extent that the allegations of this paragraph are deemed factual in nature, denied.

632.     The allegations of this paragraph constitute conclusion of law, to which no response is required.  To the extent that the allegations of this paragraph are deemed factual in nature, denied.

633.     Defendants incorporate their answers to the referenced paragraphs herein.

634.     The allegations in this paragraph constitute conclusions of law to which no response is required.

635.     The allegations in this paragraph constitute conclusions of law to which no response is required.

636.     The allegations of this paragraph constitute conclusion of law, to which no response is required.  To the extent that the allegations of this paragraph are deemed factual in nature, denied.

637.     Denied.

638.     As Count VII has been dismissed by the Court's order of March 26, 2019, no response is required.

639.     As Count VII has been dismissed by the Court's order of March 26, 2019, no response is required.

640.     As Count VII has been dismissed by the Court's order of March 26, 2019, no response is required.

641.     As Count VII has been dismissed by the Court's order of March 26, 2019, no response is required.

642.     As Count VIII has been dismissed by the Court's order of March 26, 2019, no response is required.

643.     As Count VIII has been dismissed by the Court's order of March 26, 2019, no response is required.

644.     As Count VIII has been dismissed by the Court's order of March 26, 2019, no response is required.

645.     As Count VIII has been dismissed by the Court's order of March 26, 2019, no response is required.

646.     As Count IX has been dismissed by the Court's order of March 26, 2019, no response is required.

647.     As Count IX has been dismissed by the Court's order of March 26, 2019, no response is required.

648.     As Count IX has been dismissed by the Court's order of March 26, 2019, no response is required.

649.     As Count IX has been dismissed by the Court's order of March 26, 2019, no response is required.

650.     As Count IX has been dismissed by the Court's order of March 26, 2019, no response is required.

651.     As Count IX has been dismissed by the Court's order of March 26, 2019, no response is required.

The remainder of the Complaint constitutes a prayer for relief, to which no response is required.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By:        /s/

PETER J. SAWERT
Special Assistant United States Attorney
Associate Solicitor
U.S. Patent and Trademark Office
Mail Stop 8
P.O. Box 1450
Alexandria, Virginia 22313
Telephone:  (571) 270-0669
Fax:  (571) 273-0373
Email:  Peter.Sawert@USPTO.gov

DENNIS BARGHAAN
Deputy Chief, Civil Division
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax:     (703) 299-3983
Email:  dennis.barghaan@usdoj.gov

DATE:     April 23, 2019     ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following:

> Mark W. DeLaquil, Esq.
> Baker & Hostetler LLP
> 1050 Connecticut Ave., N.W.
> Suite 1100
> Washington, DC 20036
> (202) 861-1527
> mdelaquil@bakerlaw.com

Date: April 23, 2019                          _____/s/_____

PETER J. SAWERT
Special Assistant United States Attorney
Associate Solicitor
U.S. Patent and Trademark Office
Mail Stop 8
P.O. Box 1450
Alexandria, Virginia 22313
Telephone:  (571) 270-0669
Fax:  (571) 273-0373
Email:  Peter.Sawert@USPTO.gov

ATTORNEY FOR DEFENDANTS